UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT L. DAVIS                           CIVIL ACTION

VERSUS

FREEDOM WELL SERVICES, L.L.C.

## COMPLAINT

### JURISDICTION AND VENUE

1.

Plaintiff invokes this Court's jurisdiction pursuant to 42 USC § 2000e-5 and 28 USC § 1343(4).

2.

The alleged unlawful employment practices occurred within the Eastern District of Louisiana.

### PARTIES

3.

Plaintiff is a citizen of the United States and a resident of Orleans Parish, Louisiana. Plaintiff was employed by defendant at all times relevant to the

1

allegations set forth in this complaint at defendant's business location in Gray, Louisiana.

4.

Defendant Freedom Well Services, L.L.C. employs more than fifty employees("FWS").

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff filed a charge of employment discrimination with the District Office of the Equal Employment Opportunity Commission("EEOC"). The EEOC issued a right to sue letter to the plaintiff.

## ALLEGATIONS OF FACT

6.

Plaintiff was first employed by defendant on or about April 2, 2012 as a Pump Operator.

7.

Plaintiff is African-American male.

8.

Plaintiff is a Rastafarian. One of the Rastafarian observances is that men do not cut their hair.

9.

In 2012, defendant's Operations Manager, Grant Bornes, asked Robert Davis to be a supervisor.

10.

At this time, Lydia Griffin, defendant's Safety Manager, stated that plaintiff would have to cut his hair in order to be promoted.

11.

Plaintiff refused to cut his hair.

12.

Three months later, plaintiff took an examination for the position of supervisor, passed the examination, cut his hair to satisfy Lydia Griffin's requirement, and was then promoted to Supervisor.

13.

In September, 2014, Grant Borne left the defendant's employment.

14.

On September 26, 2015, plaintiff was called into a meeting. Present in the meeting were Lydia Griffin and the new P& A Manager, "JJ"(full name unknown).

15.

In this meeting, Griffin stated that plaintiff was being terminated because it had been reported that plaintff had fallen asleep on the job.

16.

Plaintiff denied having fallen asleeep on the job.

17.

Griffin stated that plaintiff's employment was terminated.

18.

Immediately after terminating plaintiff, defendant hired a white man to replace plaintiff.

19.

Plaintiff filed an application for unemployment benefits with the Louisiana Workforce Commission.

20.

In response to plaintiff's unemployment application, defendant stated that the reason for the termination of plaintiff's employement was: **Does not meet the needs of the company.**

21.

The reason for termination is not true. The articulated reason for termination is a prextext for illegal discrimination because of race and/or religion.

### FIRST CAUSE OF ACTION
### TITLE VII VIOLATION

22.

The defendant discriminated against plaintiff because of plaintiff's race, African-American(black), and/or religion, Rastafarian, in violation of Title VII by engaging in, tolerating, or failing to prevent illegal discrimination and by failing to take affirmative action to correct and address these unlawful employment practices.

23.

Plaintiff is in the class of persons protected by Title VII, was qualified to do the work, and was actually doing the work, was terminated for a pretextual reason, and was replaced by a white person.

24.

Plaintiff is entitled to general and special compensatory damages, punitive damages, back pay, benefits, reinstatement, frontpay, reasonable attorneys fees, and court costs.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this court:

(1) Declare that the employment practices complained of are unlawful;

(2) Permanently enjoin the defendant, its agents, officers, and employees from engaging in all practices found by this court to be in violation of the law;

(3) In lieu of reinstatement, that the court award:
    (a) backpay from date of termination to time of trial;
    (b) front pay;
    (c) future loss of earnings and/or past, present and future compensatory damages, general damages, and all other relief available pursuant to law;

(4) Order the defendant to make the plaintiff whole by paying such monetary and non-monetary benefits in amounts to be proved at trial but in all events, more than Ten Thousand Dollars($10,000.00);

(5) Retain jurisdiction over this action to insure full compliance with the Court's orders, and require the defendant to file such reports as the Court deems necessary to insure compliance;

(6) Order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees as provided by law;

(7) Award pre-judgment interest as provided by law;

(8)     Grant such other and further relief to the plaintiff as the Court deems just and proper.

(9)     Grant a trial by jury.

## HOGAN & HOGAN

*Thomas J. Hogan, Jr.*
_____
THOMAS J. HOGAN, JR., T.A.
Bar Roll No. 06908
Attorney for Plaintiff
P. O. Box 1274
Hammond, LA 70404
(985)542-7730

thogan48@bellsouth.net

Attorney for plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT L. DAVIS                                CIVIL ACTION

VERSUS

FREEDOM WELL SERVICES, L.L.C.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury.

HOGAN & HOGAN

*Thomas J. Hogan, Jr.*

THOMAS J. HOGAN, JR., T.A.
Bar Roll No. 06908
P. O. Box 1274
Hammond, LA 70404
(985)542-7730

thogan48@bellsouth.net

Attorney for plaintiff

**PLAINTIFF WILL REQUEST DEFENDANT WAIVE SUMMONS**